WALLACE E. BRADLEY, Jr., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Bradley v. Commissioner
Docket No. 29068-89
United States Tax Court
T.C. Memo 1991-578; 1991 Tax Ct. Memo LEXIS 626; 62 T.C.M. (CCH) 1311; T.C.M. (RIA) 91578; November 26, 1991, Filed *626 Decision will be entered for the respondent. Wallace E. Bradley, Jr., pro se. Bruce A. Anderson, for the respondent. PAJAK, Special Trial Judge. PAJAK
MEMORANDUM OPINION This case was heard pursuant to the provisions of section 7443A(b) and Rule 180 et seq. (Unless otherwise indicated, all section numbers refer to the Internal Revenue Code in effect for the taxable year in issue, and all Rule numbers refer to the Tax Court Rules of Practice and Procedure.) Respondent determined a deficiency of $ 2,318 in petitioner's 1986 Federal income taxes. The Court must decide whether petitioner's pension benefits from the Railroad Retirement Board are taxable to the extent determined by respondent. Some of the facts have been stipulated and are so found. Petitioner resided in Grand Junction, Colorado, when his petition was filed. Petitioner was born in 1925 and turned 61 years old during 1986. Petitioner began working for the railroad when he was 15, and retired about 1965 or 1966 due to an injury. After retiring from the railroad, petitioner received a railroad retirement pension. Petitioner has worked at various nonrailroad jobs since his retirement. During 1986, he received *627 $ 8,861.27 of pension benefits from the Alaska Laborers Retirement Plan. He also received $ 14,481 of "Total Gross Taxable" pension benefits from the Railroad Retirement Board (RRB) as shown on the Form RRB-W-2P. Petitioner did not report the $ 14,481 of the railroad pension benefits on his 1986 Federal income tax return. Petitioner's contributions to the railroad pension were recovered several years before the year in issue. Respondent's position is that petitioner failed to report $ 14,481 of taxable Tier II railroad pension benefits. Petitioner claims that taxation of those railroad pension benefits is unconstitutional under the equal protection guaranties inherent in the Fifth Amendment, and that, because he retired due to a disability, his railroad pension benefits are not taxable. Since 1974, benefits received by railroad retirees have been divided into two programs, identified as Tier I and Tier II benefits. Tier I benefits are essentially the equivalent of Social Security benefits and are distributed in the same amount as Social Security benefits. Tier II benefits are amounts in addition to what a Social Security recipient would receive under similar circumstances. *628 Ernzen v. United States, 875 F.2d 228, 229 (9th Cir. 1989). Prior to 1983, all railroad retirement benefits were tax exempt. Due to fiscal necessities, Congress imposed taxes on Social Security benefits and railroad retirement benefits beginning in 1983. Ernzen v. United States, supra.
Tier I benefits are taxed in the same manner as Social Security benefits. Tier II benefits are analogous to private pensions. Ernzen v. United States, supra.Tier II benefits are treated for tax purposes as private pensions which meet the requirements of section 401(a). Sec. 72(r)(1). Section 401(a) pensions are treated as annuities and are taxable to the recipient. Sec. 402(a). Ernzen v. United States, supra.
Petitioner argues that Congress erred in the way it taxed railroad retirement benefits and therefore to tax such benefits is unconstitutional. We cannot agree. "Normally, a legislative classification will not be set aside if any state of facts rationally justifying it is demonstrated to or perceived by the courts." United States v. Maryland Savings-Share Ins. Corp., 400 U.S. 4, 6, 27 L. Ed. 2d 4, 91 S. Ct. 16 (1970). *629 It must be remembered that "Legislatures have especially broad latitude in creating classification and distinctions in tax statutes." Regan v. Taxation With Representation of Washington, 461 U.S. 540, 547, 76 L. Ed. 2d 129, 103 S. Ct. 1997 (1983). Lastly, Social Security and railroad benefits may be altered or eliminated at any time by Congress. U.S. Railroad Retirement Bd. v. Fritz, 449 U.S. 166, 174, 66 L. Ed. 2d 368, 101 S. Ct. 453 (1980). Both the Ninth Circuit in Ernzen v. United States, supra, and the Seventh Circuit in Wallers v. United States, 847 F.2d 1279 (1988), have considered arguments like petitioner's and have held that the taxation of railroad pensions is constitutional. The Ninth Circuit, in Ernzen v. United States, 875 F.2d at 231, explained that: In 1983, Congress determined it necessary to remedy the severe financial problems facing the railroad retirement system. Consequently, the Solvency Act was passed "to ensure the solvency of the railroad retirement system and prevent large benefit cuts to one million retirees." H.R. Rep. No. 30, 98th Cong., 1st Sess., pt. I, at 14, reprinted in 1983 U.S. Code Cong. & Admin. News *630 729, 730. Thus, the purpose of the Solvency Act was legitimate because Congress acted with the intention to protect the railroad retirement system from insolvency. See, e.g., United States Railroad Retirement Bd. v. Fritz, 449 U.S. 166, 177, 66 L. Ed. 2d 368, 101 S. Ct. 453 (1980). [Footnote omitted.]
The Ninth Circuit went on to hold that 1983 legislation was rationally related to preventing the railroad retirement system's insolvency and thus was constitutional. Therefore, petitioner's constitutional argument fails. Petitioner did not prove that the Form RRB-W-2P was incorrect, or that his pension benefits received due to a disability are not subject to tax. Section 72(r)(1) provides that: IN GENERAL. -- Notwithstanding any other provision of law, any benefit provided under the Railroad Retirement Act of 1974 (other than a tier 1 railroad retirement benefit) shall be treated for purposes of this title as a benefit provided under an employer plan which meets the requirements of section 401(a).
There is no merit to petitioner's assertion. Accordingly, respondent's determination must be sustained. Decision will be entered for the *631 respondent.